the alteration does not materially affect the rest of the devise.

ALBANY,
Feb. 1811.

CHEW
v.
WOOLLEY.

———◈———

## CHEW *against* WOOLLEY.

THIS was an action of *assumpsit,* brought by the plaintiff, as endorsee, against the defendant, as first endorsor of a promissory note. The declaration contained *two* counts, on two notes; the one dated the 3d of *March,* 1808, payable sixty days after date, without defalcation or discount, at, &c. and endorsed the same day by the

Where a declaration on a promissory note alleged that the defendant did not pay the sum of money in the note mentioned, &c. and the defendant pleaded, *puis darrein continuance,*

that he " paid to the plaintiff the several sums of money mentioned in the plaintiff's declaration;" on demurrer, the plea was held good, being as broad as the declaration; and that there was no necessity of stating that the plaintiff accepted the money in satisfaction.

ALBANY,
Feb. 1811.

CHEW
v.
WOOLLEY.

payee to the plaintiff. The other was on a like note, payable in 30 days. The declaration was of *August* term, 1808, and averred, that the notes having become payable, &c. the plaintiff presented the same, &c. to the defendant, and requested payment, &c. and that the defendant did not then, nor at any time since, pay the said sum of money in the said notes mentioned, to the plaintiff, but then and there wholly refused, &c. And though often requested, &c. hath not paid the said sums of money in the said notes, &c.

The defendant pleaded, in *August* term, the general issue, with notice.

The defendant afterwards put in a *plea puis darrein continuance*, in *November* term, which stated, that since the last continuance, and before the second *Monday* of *November*, to wit, on the 25th of *September*, 1808, at, &c. " he paid to the said *Claiborne Chew* the said several sums of money mentioned in the declaration of the said *C. Chew*, and this he is ready to verify," &c. To this plea there was a general demurrer, and joinder.

*Mulligan*, in support of the demurrer. Payment cannot be pleaded *puis darrein continuance*, without it is also stated to have been accepted in satisfaction; more especially where it is on a promise or contract bearing interest. The action of *assumpsit* is for damages, and the plea should go in discharge of the damages.* The sum paid, in the present case, being less than what the plaintiff was entitled to recover, it must be shown that it was accepted in satisfaction.

A plea of *puis darrein continuance* confesses the cause of action,† and it ought to be in discharge of the whole.

In the case of *Johnston* v. *Brannan*,‡ the court recognise the general rule, that a plea of payment of a less sum, after the debt is due, is not good, unless it is stated to have been accepted in satisfaction. Where the plaintiff has a vested right of action, it cannot be devested

* 1 Ld. *Raym.* 234. 2 *Salk.*622, 623. 4 *Mod.* 250.

† 1 *Salk.* 178. 2 *Stra.* 1105.
‡ 5 *Johns. Rep.* 268.

by the act of the defendant alone. As to precedents, they may be found in *Lilly's Entries*, 121. 128. 393.

*Baldwin* and *Hoffman*, contra. Where the party accepts the principal of his debt, he cannot, afterwards, sue for the interest.* There was, then, a complete discharge of the right of action. The plea states that the defendant paid the several sums mentioned in the plaintiff's declaration. That the plaintiff accepted the money in satisfaction is a necessary inference from the fact of a payment of the principal. Interest is an accessary, and follows the principal. Whatever would be a good defence before action, may be pleaded *puis darrein continuance.*† There are numerous precedents of pleas in the form of the present. 2 *Rich. K. B. Pr.* 227, 228, 229. *Att. K. B. Prac.* 21. *Bohun's Declarations*, 323, 324. *Pleader's Assistant*, 449. 3 *Attorney's Vade Mecum*, 451. *Hearne's Pleader*, 130. 197. *English Pleader*, 110.

*Hopkins*, in reply. Principal and interest are not known on the record. The action is for damages which are and must be uncertain. In an action of debt, the plaintiff also claims damages for the detention, which are unliquidated. The defendant cannot himself liquidate and fix the damages, merely by payment of the debt or principal: they must be assessed by a jury, or fixed by consent of parties. Damages are accruing from the time of the breach of the promise, and a tender of the principal, afterwards, is not good.

The conclusion in the declaration is for a larger sum in damages. The plea should, therefore, state that the sum paid was accepted in satisfaction of the damages, so as to be a full answer to the declaration.

*Per Curiam.* This was an action by the endorsee against the endorsor of two promissory notes, and the declaration states, that the defendant " did not pay the said sums of

*Margin notes:*

ALBANY, Feb. 1811.

CHEW v. WOOLLEY.

* 3 *Johns. Rep.* 229.

† 5 *Johns. Rep.* 386.

ALBANY,
Feb. 1811.

money in the said notes mentioned;" and the breach also alleges the default in the same terms, that the defendant " had not paid the said sums of money in the said notes mentioned." The plea *puis darrein continuance* states, that the defendant did " pay to the plaintiff the said several sums of money mentioned in the declaration of the plaintiff." The plea is as broad as the declaration, and must be construed to be commensurate with the demand. It must be taken to embrace the whole sum due on each note, which will of course include the interest; and it was therefore not requisite to aver in the plea, that the sum was accepted in satisfaction. That would be turning a plea of payment into a plea of accord and satisfaction. The allegation of payment of the demand implies the acceptance of the money by the plaintiff; and if the fact of payment had been traversed, and it had appeared in proof that the interest legally due on the notes had not been paid, the plea would have failed for want of proof; and if the fact was, that the plaintiff had thrown in the interest, then the plea ought to have stated that the sum paid was accepted in full satisfaction and discharge, as was done in the case of *Johnston* v. *Brannan*, (5 *Johns. Rep.* 268.) The good sense and meaning of the plea, as it stands, is, that the defendant had paid the amount of the notes, and if they were notes carrying interest, that he paid the interest also.

Judgment for the defendant.